```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION


JAMES RANSBERRY,                    )
                                    )
          Plaintiff,                )
                                    )
          v.                        )    No. 10 C 2911
                                    )
COOK COUNTY SHERIFF TOM DART,       )
LT. JOHNSON and COOK COUNTY,        )
ILLINOIS,                           )
                                    )
          Defendants.               )
```

## MEMORANDUM OPINION

Before the court are plaintiff James Ransberry's (1) motion for leave to file a sur-reply; and (2) motion for leave to file a fourth amended complaint.  For the reasons explained below, we grant his motion for leave to file a sur-reply and deny his motion for leave to file a fourth amended complaint.

## BACKGROUND

Ransberry alleges that from January 25 to May 11, 2009 he was wrongly incarcerated pursuant to a warrant naming a different person. (Third Am. Compl. ¶¶ 10-37.) He filed his original civil-rights complaint on May 11, 2010, naming as defendants "Unknown Cook County Corrections Officers," among others.  By April 13, 2011, when he amended his complaint to name 13 individual defendants, Ransberry was still uncertain whether he had identified all of the individuals allegedly responsible for his incarceration.

(See First Am. Compl. ¶ 7 (naming as defendants, besides those identified by name, "Unknown Cook County Sheriff Employees").) With the defendants' agreement, we granted Ransberry's motion to extend the statute-of-limitations period — which was set to expire on May 11, 2011 — to December 31, 2011. (See Minute Entry, dated April 13, 2011, Dkt. 42.)

Ransberry contends that on September 14, 2011 his attorney received notes from Cook County Assistant Public Defender Stephanie Schlegel, who represented Ransberry in the underlying criminal proceeding. (See Pl.'s Mot. for Leave to File 4th Am. Compl. (hereinafter, "Pl.'s Mot.") ¶ 6.) Schlegel's notes indicated that on April 14, 2009 she spoke with "Lt. Johnson" of the Cook County Jail Records Department. (Id.) She told Johnson that there had been a mistake and that Ransberry was being held on a warrant for a different person. (Id.; see also Faxes, dated November 15, 2009, attached as Ex. 1 to Pl.'s Mot. (asking the "Records" department to remove the "hold" on Ransberry).) Based upon this new information, Ransberry filed a motion for leave to file a third amended complaint naming Johnson as a defendant. (See Mot. for Leave to File a Third Am. Compl., filed Oct. 21, 2011, Dkt. 77.)[1] We granted the motion, and the plaintiff eventually filed his Third Amended Complaint on December 22, 2011. (See Third Am. Compl.,

---

[1] Ransberry had previously filed a second amended complaint adding a Monell claim against the municipal defendants.

filed Dec. 22, 2011, Dkt. 85.)  The defendants who were already in the case, Tom Dart and Cook County, Illinois,[2] answered the Third Amended Complaint on January 5, 2012, five days after the extended statute-of-limitations period had expired.  (See Answer to Third Am. Compl., filed Jan. 5, 2012, Dkt. 88.)  Those defendants answered that they were "without knowledge or information sufficient to form a belief as to the truth of the contents of" the following allegations:

> Lt. Johnson was, at the time of this occurrence, employed by Defendant Cook County and working in the Cook County Department of Corrections Record Division. Lt. Johnson engaged in the conduct complained of while on-duty and in the course and scope of her employment and under color of law. Lt. Johnson is sued in her individual capacity.
>
> [. . . .]
>
> On April 14, 2009, Assistant Public Defender Stephanie Schlegel spoke by telephone with Defendant Lt. Johnson, of the Jail Records Department and informed Defendant Lt. Johnson that the warrant was not for Ransberry.
>
> On April 14, 2009, APD Schlegel sent two faxes to Defendant Lt. Johnson of the Jail Records Department providing Defendant Lt. Johnson with actual knowledge that James Ransberry was not the person wanted in the Wuelling warrant.
>
> Upon information and belief, Defendant Lt. Johnson failed to act to remove the hold on Plaintiff Ransberry despite that fact that Lt. Johnson knew or should have known that Plaintiff Ransberry was not wanted for the Jefferson County warrant.

---

[2]/  The 13 individual defendants added by Ransberry's first amended complaint were not named as defendants in his third amended complaint.

(Answer to Third Am. Compl. ¶¶ 7, 29-31.)  A summons was issued to Johnson on January 26, 2012, and executed the following day.  (<u>See</u> Return of Service, filed Jan. 27, 2012, Dkt. 90.)  She filed her answer on February 16, 2012 and claimed not to have sufficient knowledge or information to admit or deny the allegations quoted above.  (<u>See</u> Answer to Third Am. Compl., filed Feb. 16, 2012, Dkt. 94, ¶¶ 7, 29-31.)

At her deposition on July 10, 2012, Johnson produced a document indicating that effective April 12, 2009 — two days before Schlegel's alleged telephone call with her — she was transferred from "Records" to "Division X."  (<u>See</u> Pl.'s Mot. ¶ 14; <u>see also</u> Cook County Dept. of Corrections Personnel Memo., attached as Ex. 2 to Pl.'s Mot.)  The same document indicates that a Lt. Nancy Alvarez was transferred from "Division X" to "Records," effective the same date.  (<u>See</u> County Dept. of Corrections Personnel Memo.)  Ransberry deposed Alvarez on September 11, 2012, and she confirmed that she was the lieutenant in charge of the Records division on April 14, 2009.  (Pl.'s Mem. ¶ 15.)  Ransberry now seeks leave to file a Fourth Amended Complaint substituting Alvarez for Johnson as a defendant in Counts II-V.[3]

---

[3] Ransberry has moved for leave to file a sur-reply in support of his motion, instanter. That motion is granted.

## **DISCUSSION**

Rule 15 provides that courts "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, we may deny a motion for leave to amend a complaint if the amendment would be futile, i.e., the amended pleading would not survive a dispositive motion. See, e.g., Arlin-Golf, LLC v. Village of Arlington Heights, 631 F.3d 818, 822-23 (7th Cir. 2011). In this case, the parties effectively agree that Ransberry's proposed amendment is futile unless he can overcome the statute of limitations.

**B.   Equitable Estoppel**

Ransberry acknowledges that he is seeking to add Alvarez as a defendant long after the statute of limitations expired.[4] (See Pl.'s Mem. ¶ 2.) He argues, however, that the defendants should be equitably estopped from asserting the statute-of-limitations as a defense to his claim. "Any deliberate or otherwise blameworthy conduct by the defendant that causes the plaintiff to miss the statutory deadline can be the basis for a defense of equitable estoppel in federal limitations law." Shropshear v. Corporation Counsel of City of Chicago, 275 F.3d 593, 597 (7th Cir. 2001). In dicta, the Shropshear Court criticized earlier Seventh Circuit cases for applying the federal, rather than the state, law of

---

[4]   Ransberry has not argued that the amendment should relate back to the date of the original complaint under Fed. R. Civ. P. 15(c)(1)(C).

equitable estoppel.  See Shropshear, 275 F.3d at 598-99.  The distinction is important because under state law the plaintiff's lack of diligence is a defense to equitable estoppel, whereas under federal law it is not.  See id.  It appears, however, that the cases that Shropshear criticized are still good law.  See, e.g., Castro v. City of Chicago, No. 07-cv-0931, 2013 WL 427109, *3 (N.D. Ill. Feb. 1, 2013) (acknowledging that Seventh Circuit precedent is somewhat unclear, but nevertheless applying federal law).  So, we will apply the federal law of equitable estoppel.  There is also tension in the controlling case law about whether the defendant's wrongful intent is an element of a claim for equitable estoppel. Compare Wheeldon v. Monon Corp., 946 F.2d 533, 537 (7th Cir. 1991) (plaintiff need not show the defendant's "wrongful intent"), with Aungst v. Westinghouse Elec. Corp., 937 F.2d 1216, 1225-26 (7th Cir. 1991), *criticized on other grounds by* Oxman v. WLS-TV, 12 F.3d 652, 657-58 (7th Cir. 1993) (requiring evidence of an improper purpose); see also Smith v. City of Chicago Heights, 951 F.2d 834, 841 (7th Cir. 1992) (acknowledging the conflict).  We will assume for purposes of this motion that Ransberry does *not* have to prove that the defendants acted with fraudulent intent.  However, the cases are uniform in requiring: (1) "affirmative" steps by the defendant to prevent the plaintiff from filing within the statute of limitations; and (2) actual and reasonable reliance by the plaintiff on the defendant's misconduct.  Ashafa v. City of

<u>Chicago</u>, 146 F.3d 459, 462-62 (7th Cir. 1998). "Classic examples [of affirmative steps] include hiding evidence, destroying evidence, or promising not to plead the statute of limitations." <u>Cancer Foundation, Inc. v. Cerberus Capital Management, LP</u>, 559 F.3d 671, 676 (7th Cir. 2009).

Ransberry has not sought leave to file a separate claim for equitable estoppel, nor has he requested further discovery on this issue. Indeed, the parties have indicated that they have taken all the fact discovery they intend to take in this almost three-year-old case. (<u>See</u> Pl.'s Mot. for Briefing Schedule, Dkt. 135, ¶ 2 (stating that the parties have completed fact discovery with the exception of certain pending motions).)[5] Instead, Ransberry relies primarily on the defendants' denials that they had information sufficient to answer the Third Amended Complaint's allegations concerning Johnson. But the municipal defendants and Johnson filed their answers on January 5, 2012 and February 16, 2012, respectively, **after** the statute of limitations expired on December 31, 2011. So, the defendants' pleadings could not have caused Ransberry to miss the statute of limitations. <u>See</u> <u>Ashafa</u>, 146 F.3d at 462-62 (requiring actual and reasonable reliance on the defendants' alleged misconduct). The only relevant conduct predating the expiration of the statute of limitations is the

---

[5] The discovery requests that are the subject of Ransberry's pending motion to compel are irrelevant to his equitable-estoppel argument. (<u>See</u> Pl.'s Mot. to Compl, Dkt. 123.)

defendants' failure to produce the transfer memorandum prior to Johnson's deposition. The defendants contend, and Ransberry does not dispute, that their Rule 26(a)(1) disclosures on November 17, 2010 included a memorandum drafted by Alvarez indicating that she had some personal knowledge of the circumstances surrounding Ransberry's detention. (See Defs.' Resp. ¶¶ 4-5; see also Memo from Lt. Alvarez to Supt. Snooks, dated May 12, 2009, attached as Ex. 1 to Defs.' Resp.) And in a supplemental disclosure on May 27, 2011, the defendants produced employment records showing that Johnson was the records-department lieutenant during the period from March 5 to March 11, 2009, and that Alvarez was the records-department lieutenant from May 5 to May 11, 2009. (See Defs.' Resp. ¶ 5.) So, it is not as though the defendants were hiding Alvarez as a potential witness in this case. True, these records do not establish which of the two officers — Johnson or Alvarez — was assigned to the records division when Ransberry's attorney called on April 14, 2009. But that specific date only became important in September 2011, when Ransberry belatedly obtained information from his criminal defense attorney indicating that she spoke with Johnson (not Alvarez). (Defs.' Resp. ¶ 5.) Ransberry did not file his Third Amended Complaint adding the relevant allegations until December 22, 2012, nine days before the already-extended statute of limitations expired. So, there is nothing inherently suspicious about the defendants' failure to produce the

transfer memorandum before December 31, 2012. Whether they could or should have acted more diligently in the months after that date to investigate plaintiffs' allegations against Johnson is purely academic. There is no evidence that the defendants took affirmative steps to prevent Ransberry from suing Alvarez before the statute of limitations expired on December 31, 2011. His proposed amendment is futile.

**C.   Ransberry's Monell Claim**

In his reply memorandum, Ransberry argues that we should allow him to amend his Monell claim even if we conclude that his claim against Alvarez is barred. He states that he wishes to amend his Monell claim to "specify [his] 4th Amendment claim." (Pl.'s Reply at 10.) Ransberry's argument in support of amending his Monell claim is cursory and, frankly, confusing. So, we will deny his motion for leave to file a fourth amended complaint in its entirety. However, with respect to his Monell claim, the denial is without prejudice to renewal at a later date.

## CONCLUSION

Plaintiff's motion for leave to file a sur-reply in support of his motion for leave to file a fourth amended complaint, instanter, [132] is granted. Plaintiff's motion for leave to file a fourth amended complaint [118] is denied. The court will set a further status hearing after it has ruled on the pending motion to compel. At that hearing, we will address Ransberry's request to amend his Monell claim.

DATE:      March 1, 2013

ENTER:     _____
           John F. Grady, United States District Judge